[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11816
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cr-60292-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS PORTILLO HOLGUIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 11, 2018)

Before MARTIN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Defendant Juan Carlos Holguin appeals his 180-month sentence, imposed following his guilty plea to one count of transporting child pornography and one count of possessing child pornography.  On appeal, Defendant challenges the substantive reasonableness of his sentence.  After careful review, we affirm.

## I.    BACKGROUND

In April 2016, law enforcement officers identified a user on a file-sharing network whose shared folder contained suspected images of child pornography. After determining the IP address of the user, law enforcement officers used an undercover computer to download two videos from the computer assigned to that IP address.  Law enforcement officers determined that the videos contained child pornography and executed a search warrant at the address.  While executing the warrant, officers learned that Defendant had recently rented a room at the residence and had since departed to Colombia.  In September 2016, Defendant was stopped at the Fort Lauderdale Airport upon arriving in the United States from Colombia. A subsequent search of Defendant's laptop revealed numerous files containing child pornography.

A federal grand jury charged Defendant with (1) transporting by means and facility of interstate commerce a visual depiction of a minor engaged in sexually explicit activity, in violation of 18 U.S.C. §§ 2252(a)(1) and (b)(1) (Count 1), and (2) possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and

(b)(2) (Count 2).  Defendant later pled guilty to both counts pursuant to a written plea agreement.

The Presentence Investigation Report (PSR) assigned Defendant a base offense level of 22 pursuant to U.S.S.G. § 2G2.2(a)(2).  Defendant received several enhancements, resulting in an adjusted offense level of 42.  With a three-level reduction for acceptance of responsibility, Defendant's total offense level was 39.  Based on a total offense level of 39 and a criminal history category of I, his guideline range was 262 to 327 months' imprisonment.  Defendant did not raise any objections to the PSR.

At the sentencing hearing, the district court confirmed that the guideline range was 262 to 327 months' imprisonment.  The Government recommended that Defendant receive at least a bottom-of-the-guideline sentence, given the number of images of child pornography, which included 300 videos, and Defendant's admission that he engaged in sexual conduct with minors in two of the videos.  The district court clarified that the factual proffer stated that Defendant admitted to engaging in sexual conduct with two females who appeared to be under the age of 16.  The court then viewed the videos and determined that it was not clear that the females were minors.

Based on the court's determination, Defendant objected to the two-level enhancement he received under § 2G2.2(b)(2) for material involving a minor who

3

had not attained the age of 12, and the five-level enhancement under § 2G2.2(b)(3)(F) for engaging in a pattern of activity involving the sexual abuse of a minor. The district court sustained Defendant's objection to the five-level enhancement under § 2G2.2(b)(3)(F), resulting in an amended guideline range of 151 to 188 months' imprisonment. After considering the 18 U.S.C. § 3553(a) factors, the district court sentenced Defendant to 180 months' imprisonment. This appeal followed.

## II.    DISCUSSION

Using a two-step process, we review the reasonableness of a district court's sentence for abuse of discretion. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014). First, we determine whether a sentence is procedurally reasonable. *Id.* After determining that a sentence is procedurally sound, we then examine whether the sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors.[1] *Id.* The party challenging the sentence bears the burden of showing that it is unreasonable. *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Defendant has not met his burden of showing that his sentence is substantively unreasonable.  For starters, his 180-month sentence was within the guideline range of 151 to 188 months' imprisonment.  "Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily expect a sentence within the Guidelines range to be reasonable." *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (quotations omitted) (alteration accepted).  Defendant's sentence is also well below the statutory maximum of 20 years' imprisonment.  *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (indicating that a sentence below the statutory maximum sentence is an indicator of reasonableness).

Moreover, Defendant's sentence was supported by the § 3553(a) factors.  As noted by the district court, Defendant's 180-month sentence was necessary for deterrence and to promote respect for the law given the "sheer magnitude of the child pornography in this case."  Indeed, as the Government explained during the sentencing hearing, Defendant transported 300 videos containing child pornography into the United States.  In short, we cannot say that we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted).

5

Accordingly, Defendant's sentence is **AFFIRMED**.